417 F.2d 581
 69-2 USTC P 9685
 Robert C. McALLISTER and Veronica T. McAllister, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
Phil MAYER and Ruth Mayer, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
Richard De La SOTA and Gail De La Sota, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 23187.
 United States Court of Appeals Ninth Circuit.
 Oct. 9, 1969.
 
 Monte C. Fligsten, Beverly Hills, Cal., for appellants.
 Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Wm. A. Friedlander, Carolyn R. Just, Atty., Dept. of Justice, John M. Brant, Tax. Div., Dept. of Justice, Washington, D.C. (appeared), for appellee.
 Before HAMLEY and ELY, Circuit Judges, and FERGUSON, District Judge.[1]
 PER CURIAM:
 
 
 1
 In each of three decisions rendered in 1968, the Tax Court upheld determinations by the Commissioner of Internal Revenue that the taxpayer (husband and wife) was deficient in the amount of $116.61 in federal income taxes paid for 1959. This is a consolidated appeal from those decisions.
 
 
 2
 The three men were, for a two-and-a-half-month period in 1959, partners in an insurance agency. Each of the three were accrual-basis taxpayers. Each had excluded from reported gross income in 1959, $502.03 of the commissions received, on the theory that this amount represented commission refund liabilities payable upon demand. The primary facts upon which taxpayers rely are that: (1) under the policies of insurance from which these commissions were derived, both the insured and the insurer had the absolute right to cancel the policy at any time; and (2) under the partnership agency contracts, the partnership was absolutely obligated, in the event of any such cancellation, to return to the insurance company that part of the commissions which represented unearned premiums.
 
 
 3
 The agency agreements did not require the commissions affected by these cancellation provisions to be held in trust or otherwise segregated, and they were received by the taxpayers without limitation as to their specific use or disposition. This is true notwithstanding the stipulated fact that taxpayers were required to conduct their financial affairs in such manner that if all the companies decided at any one time to exercise their right to cancel, the agency could make available enough money to satisfy the refunds required.
 
 
 4
 There was no contingency with respect to the right of the insured or the insurer to cancel the policies, nor with respect to the obligation of the partnership to return the commissions in the event of such cancellations. But there was a contingency as to whether the insured or insurer would exercise their rights to cancel and, if so, when. The policies in question were not canceled in 1959.
 
 
 5
 In the absence of specific statutory exceptions, it is not open to an accrual-basis taxpayer to defer income derived from the perfomance of services to a later period when anticipated expenses, including refunds, may offset income. See American Automobile Association v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961). This principle is also applied in Treas.Reg. Sec. 1.446-1(c)(ii), which provides that under an accrual method, deductions are allowable for the taxable year in which 'all the events have occurred' which establish the fact of the liability giving rise to the deduction. All of the events which would have had to occur in order to warrant the exclusion of the sums in question from 1959 gross income did not occur in 1959, for the policies were not cancelled in that year.
 
 
 6
 Taxpayers assert that it was a stipulated fact that the $502.03 in controversy was a fixed and determinable liability, refundable upon demand. But the stipulation provides that the liability was fixed only in the sense that the maximum possible refund was known, in the event the policies were cancelled.
 
 
 7
 In their reply brief the taxpayers argue that, if not excludable from gross income, the amount in question is at least deductible as a fixed amount due and payable upon demand at year-end. But the amount was not due and payable upon demand at year-end because the policies were not cancelled in 1959.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation